UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY TADROS,<br>          Defendant. | Criminal No. 1:13-cr-383-7<br><br>Hon. Liam O'Grady |

PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia, Alexander T.H. Nguyen and Jay V. Prabhu, Assistant United States Attorneys; Richard D. Green, Trial Attorney, U.S. Department of Justice Computer Crime & Intellectual Property Section; the defendant, Anthony Tadros, and the defendant's counsel, William Loeffler, have entered into an agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to Count One of a criminal information charging the defendant with conspiracy to intentionally cause damage to a protected computer, in violation of Title 18, United States Code, Section 371, a Class A misdemeanor. The maximum penalties for this offense under the terms of this plea agreement are a maximum term of one year of imprisonment, a fine of $100,000, full restitution, a special assessment, and one year of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

1

## 2. Agreement of the Parties Under Fed. R. Crim. P. 11(c)(1)(C)

Under Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the appropriate disposition of this case for this defendant is a conviction and sentence as described in Paragraph 1. In addition, the parties agree that the Court will impose a term of supervised release, restitution as described in Paragraph 10, and a fine at its discretion and in accordance with applicable law, as well as a $25 special assessment. The parties understand that under Fed. R. Crim. P. 11(c)(1)(C), this recommendation binds the Court only if and when the Court accepts the plea.

## 3. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

## 4. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

    c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

  d.  the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**5. Role of the Court and the Probation Office**

The defendant understands that while the recommendation in Paragraph 2 above is binding on the Court if the Court accepts the plea agreement, the Court is not bound to accept the plea agreement. The defendant understands that the Court will conduct a guilty plea colloquy to determine whether the defendant's guilty plea is knowing and voluntary, and whether there is an adequate basis in fact to support the guilty plea. The parties further agree that under Fed. R. Crim. P. 11(c)(1)(C)(3), the Court may accept the plea agreement, reject it, or defer a decision until the Court has reviewed the presentence report, although the parties agree to recommend that the Court accept the plea agreement following the guilty plea colloquy.

In addition, under Fed. R. Crim. P. 11(c)(1)(C)(4), the defendant understands that if the Court accepts the plea agreement, it must inform the defendant that the agreed disposition as stated in Paragraph 2 above will be included in the judgment.

The defendant further understands that, if the Court does not accept this plea agreement, the United States and the defendant are released from any and all obligations imposed pursuant to this plea agreement. Further, this plea offer is contingent upon its acceptance by the Court; therefore, if the Court does not accept this plea agreement, the plea offer described in this plea agreement is immediately withdrawn by the United States and the United States will simultaneously move for dismissal of the criminal information. Under Fed. R. Crim. P. 11(c)(1)(C)(5), the defendant understands that if the Court rejects this plea agreement, the Court will on the record: (1) inform the parties that the Court rejects the plea agreement; (2) advise the

defendant personally that the Court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and (3) advise the defendant personally that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. As provided in this paragraph, however, the parties agree that this plea agreement is immediately voided if the Court rejects it.

Further, the United States and the defendant agree that had this case been resolved under a plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the following provisions of the Sentencing Guidelines would have applied:

| | | |
|---|---|---|
| U.S.S.G. §§ 2X1.1; 2B1.1(a)(2) | 6 | (Base offense level) |
| U.S.S.G. § 2B1.1(b)(1)(K) | +20 | (Loss >$7 million but <$20 million) |
| U.S.S.G. § 2B1.1(b)(2)(A)(i) | +2 | (More than 10 victims) |
| U.S.S.G. § 2B1.1(b)(10) | +2 | (Sophisticated means) |
| U.S.S.G. § 2B1.1(b)(18)(A)(ii) | +4 | (18 U.S.C. § 1030(a)(5)(A)) |
| U.S.S.G. § 3E1.1 | -3 | (Timely acceptance of responsibility) |

6. **Dismissal**

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty as set forth in this plea agreement, the United States will move to dismiss the current pending indictment against this defendant, leaving in place the criminal information.

7. **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the

concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 8. Special Assessment

Before sentencing in this case, and upon the Court's acceptance of the plea agreement, the defendant agrees to pay a mandatory special assessment of twenty-five dollars.

### 9. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

10. **Restitution**

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §3663A. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the parties agree that the following victims have reported the following losses to date:

| Victim | Amount |
|---|---|
| United States Copyright Office<br>Library of Congress<br>101 Independence Ave. S.E.<br>Washington, D.C. 20559 | $7,754.82 |
| Motion Picture Association of America<br>1600 Eye St., NW<br>Washington, D.C. 20006 | $10,430.00 |
| MasterCard Worldwide<br>2000 Purchase Street<br>Purchase, NY 10577 | $2,105,450.00 |
| Bank of America<br>100 North Tryon Street<br>Charlotte, NC 28255 | $1,128,000.00 |
| Recording Industry Association of America<br>1025 F ST N.W., 10th Floor,<br>Washington, D.C. 20004 | $39,700.00 |
| eBay Inc. / PayPal, Inc.<br>2211 North First Street<br>San Jose, CA 95131 | $5,613,176.00 |
| Gene Simmons<br>c/o Sheppard Communications, Inc.<br>7602 Talbert Ave. #13<br>Huntington Beach, CA 92648 | $12,500.00 |

However, the parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees that as a condition of this plea agreement and pursuant to 18 U.S.C. § 3664(d)(5), to defer the imposition of restitution until after the sentencing or after trial in this case, whichever occurs later; however, defendant specifically waives the 90 day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation. The parties furthermore agree to recommend to the Court to exercise its discretion under 18 U.S.C. § 3664(h) or other applicable law to apportion liability for restitution among defendants to reflect the level of contribution to the victims' losses and economic circumstances of each defendant.

## 11. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts.

## 12. Defendant's Cooperation

The defendant agrees as part of this plea agreement to cooperate fully and truthfully with the United States, and to provide all information known to the defendant regarding any criminal activity as requested by the government. The defendant also understands that, given the recommendation in Paragraph 2, the government will not file any additional motion for a downward departure due to the defendant's cooperation. In that regard:

    a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

    b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c.  The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d.  The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

e.  The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f.  The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government.

g.  Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

### 13. Use of Information Provided by the Defendant Under This Agreement

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in Title 18, United States Code, Section 16). Pursuant to U.S.S.G. section 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in

section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

### 14. Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 15. Sentencing to be Deferred

The defendant understands that the sentencing in his case will be deferred until after the trial or plea of all of the remaining co-defendants in this case. It is essential to the cooperation provisions of this agreement (as described in Paragraphs 12 and 14), that the defendant's sentencing is deferred until after such time as the remaining defendants are tried to verdict or enter pleas. The defendant agrees to request any such continuances as are necessary and understands that this plea agreement is contingent upon such continuances being granted.

16. **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any computer-crime related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or facilitating property or property involved in the offense including but not limited to the following specific property: Acer Aspire Laptop Computer Image, S/N 0405D8695225; TMobile HTC Cellular Telephone with MicroSD Card, S/N HT04XPRO44243; Red and Black Gigaware 4GB USB Thumb Drive; Acer Aspire Laptop, S/N: 040508695225; Sony VAIO Laptop, S/N: J002806E. The defendant understands that if proceeds of the offense are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds or forfeit substitute assets. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006). The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

17.     **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct and property involved in illegal conduct giving rise to forfeiture.

18.     **The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past four years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

19.     **Breach of the Plea Agreement and Remedies**

Except as provided in Paragraph 5, this agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States

11

(in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement, except as provided in Paragraph 5;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),

the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

20. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____
Alexander T.H. Nguyen
Jay V. Prabhu
Assistant United States Attorneys
Richard D. Green
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section

**Defendant's Signature**: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 7/14/2014

Anthony Tadros
Defendant

**Defense Counsel Signature**: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 8-18-14

William Loeffler, Esq.
Counsel for the Defendant