

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ANTHONY TADROS,<br>　　　　Defendant. | Criminal No. 1:13-cr-383-7<br><br>Hon. Liam O'Grady |

STATEMENT OF FACTS

The United States and the defendant, Anthony Tadros, agree that had this matter proceeded to trial, the United States would have proven the following facts in the Eastern District of Virginia and elsewhere beyond a reasonable doubt, through witnesses, testimony, and other competent and admissible evidence:

1. Between on or about September 16, 2010 and at least January 2, 2011, individuals participated in a worldwide conspiracy as part of the online group ANONYMOUS in a campaign dubbed "OPERATION PAYBACK" (or "OPERATION: PAYBACK IS A BITCH,") to engage in a coordinated series of illegal cyber-attacks against victims.

2. OPERATION PAYBACK targeted victims worldwide and in the Eastern District of Virginia, including dozens of governmental entities, trade associations, individuals, law firms, and financial institutions, which ANONYMOUS claimed opposed its stated philosophy of making all information free for all, including information protected by copyright laws or national security considerations.

3. To carry out OPERATION PAYBACK, participants agreed to engage in an onslaught of cyber-attacks to damage and impair websites and computer systems by flooding those websites with a huge volume of irrelevant Internet traffic. This method of online attack

designed to shut down victim websites is known as a Distributed Denial of Service ("DDoS") attack. One of the stated goals of these DDoS attacks was to cause significant monetary and other damage to the victim targets, and members of ANONYMOUS coordinated the times and targets for the attacks through online announcements or in dedicated Internet Relay Chat channels, including the #command, #saveTPB, #savethepiratebay, and #operationpayback channels. OPERATION PAYBACK ultimately caused at least $8.9 million in damage and loss to United States-based victims.

4. The weapon of choice used by participants in OPERATION PAYBACK included specifically-designed online weapons such as the Low Orbit Ion Cannon ("LOIC"), a downloadable network stress testing program, and similar programs including Java LOIC and hping3. LOIC, for example, allowed participants individually to choose whether to attack in "Manual Mode (for p████s)" or as part of a group in "F████ING HIVE MIND" mode. After picking the mode of attack and entering the target location, individuals could attack en masse by clicking a button labeled "IMMA CHARGIN MAH LAZER" to join in the cyber-assaults.

5. Participants in OPERATION PAYBACK, including the defendant, engaged in illegal DDoS attacks during the conspiracy, including against the following victims: the Motion Picture Association of America; the Recording Industry Association of America; the British Phonographic Institute; the law firm ACS:Law; the trade association BREIN foundation; the Australian Federation Against Copyright Theft; the law firm Davenport Lyons; the Association of Commercial Audiovisual of Portugal; the private company Web Sheriff; the consulting firm DGLegal; the record label Ministry of Sound; the Spanish General Society of Authors and Publishers; the Spanish Ministry of Education, Culture, and Sport; the Spanish trade group Promusicae; the Federal Italian Music Industry; the International Federation of Phonographic

Industry; the directory of websites pro-music.it; the law firm Gallant MacMillan; Gene Simmons; the copyright licensing agency Access Copyright; the British Intellectual Property Office; the movie production company Satel Film; the Copyright Information and Anti-Piracy Centre in Finland; the U.S. Copyright Office of the Library of Congress; the intellectual property entity Hadopi; the Ireland National Federation against Copyright Theft; the Irish Recorded Music Association; the Fight Piracy Organization; the International Federation of the Phonographic Industry; Warner Brothers; the payment services provider PostFinance; the Swedish Prosecutor's office; everydns.com; the law firm Borgstrom and Bodstrom; MasterCard; Visa; the online payment service Moneybookers.com; PayPal; the Recording Industry of South Africa; Amazon; the firm Arbor Networks; and Bank of America.

6. In early December 2010, the defendant participated in the DDoS cyber-attack on the website of MasterCard, in concert with his co-conspirators, by flooding the website of MasterCard with requests in an effort to make the website inoperable. During a voluntary interview with law enforcement officers on January 27, 2011, the defendant also admitted to having participated in multiple DDoS attacks including MasterCard and PayPal as part of OPERATION PAYBACK using the LOIC tool, and having participated in Anonymous-related IRC channels as "Winslow." A forensic examination confirmed that the defendant had participated in OPERATION PAYBACK DDoS attacks and IRC Channels as "Winslow."

7. Witness testimony, business records, and other evidence would further establish that beginning on or about September 16, 2010 and continuing up until January 2, 2011, participants of OPERATION PAYBACK, including DENNIS OWEN COLLINS, JEREMY LEROY HELLER, ZHIWEI CHEN, JOSHUA S. PHY, RYAN RUSSELL GUBELE, ROBERT AUDUBON WHITFIELD, ANTHONY TADROS, GEOFFREY KENNETH COMMANDER,

PHILLIP GARRETT SIMPSON, AUSTEN L. STAMM, TIMOTHY ROBERT McCLAIN, WADE CARL WILLIAMS, and THOMAS J. BELL, knowingly and intentionally conspired and agreed amongst themselves and together with others to commit an offense against the United States, that is, to knowingly cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage, and attempt to cause damage, without authorization, to a protected computer.

8. The statement of facts includes those facts necessary to support the defendant's guilty plea. It does not include each and every fact known to the defendant or to the government and it is not intended to be a full enumeration of all of the facts surrounding the defendant's cases.

9. The actions of the defendant, as recounted above, were in all respects knowing and intentional, and were not committed by mistake, accident or other innocent reason.

10. The defendant and the United States agree that this statement of facts is admissible in any proceeding against defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that he may have under Federal Rule of Evidence 410 regarding this statement of facts.

Dana J. Boente
United States Attorney

By: _____
Alexander T.H. Nguyen
Jay V. Prabhu
Assistant United States Attorneys

Richard D. Green
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section

**Defendant's Signature:** After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, waive my rights under Federal Rule of Evidence 410 related to this Statement of Facts, and agree that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: July 14th, 2014

_____
Anthony Tadros
Defendant


**Defense Counsel Signature:** I am Anthony Tadros's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 8-19-, 2014

_____
William Loeffler, Esq.
Counsel for the Defendant