IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Criminal No. 1:13-cr-383-7 |
| v. | ) | |
| | ) | Hon. Liam O'Grady |
| ANTHONY FERRARI TADROS, | ) | |
| | ) | Sentencing Date: December 5, 2014 |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

On August 19, 2014, the defendant, Anthony Tadros, pleaded guilty to the misdemeanor charge of Conspiracy to Intentionally Cause Damage to a Protected Computer Without Authorization, in violation of Title 18, United States Code, Section 371 (Title 18, United States Code, Section 1030(a)(5)(A) and (c)(4)(G)). The United States has no objection to the Presentence Investigation Report ("PSR"), in which the United States Probation Office determined that the defendant has an Offense Level of 27[1], with a Criminal History Category of I, resulting in a Guidelines Range of 12 months of incarceration (as restricted by statute, otherwise 70-87 months); 5 years probation; 1 year supervised release; and a fine between $12,500 and $100,000 (as restricted by statute).

The government credits the defendant for his acceptance of responsibility in this case and defers to the court as to the defendant's sentence but asks the court to take into consideration the significant losses that the victims have sustained.

---

[1] Although the United States believes that the enhancements under U.S.S.G. §§ 2B1.1(b)(10) (sophisticated means), and 1B1.1(b)(18)(A)(ii) (offense under 18 U.S.C. § 1030(a)(5)(A)) apply, the United States accepts the Guidelines calculation as determined by U.S. Probation. However, if the defense wishes to challenge this calculation, the United States would urge this Court to adopt the Guidelines computation agreed to by the Parties in the Plea Agreement in this matter which provide for a total offense level of 31.

**I.   Background**

Beginning in September 2010, members of the online group Anonymous, formed a conspiracy to attack and damage the websites of numerous associations, organizations, companies, and government agencies both here in the United States and around the world. This campaign of computer attacks was dubbed "Operation Payback" by the conspirators. The purpose of these attacks were to render the websites of these entities unavailable to the public. The attacks were accomplished by mounting distributed denial of service (DDoS) attacks which are only effective if they involve a critical mass of attackers and if those attackers are attacking the same target at the same time. The course of these attacks ran from mid-September 2010 until the first days of 2011, and involved over 70 distinct DDoS attacks. Operation Payback not only involved DDoS attacks but also the dissemination of personal information of the CEOs of several of the victim companies to make them targets of personal harassment.

Anthony Tadros became a member of this conspiracy and personally participated in the attacks on MasterCard in early December 2010. MasterCard alone reports losses of over $1,000,000 related to these attacks. Moreover, as reported by one of the victims in their impact statement, the Recording Industry Association of America, "[t]he intentional disruption of commercial websites via DDOS attacks is not a victimless crime. Company websites have become an essential tool for communicating with the public and in many cases serve as the single most important interface for conducting business with consumers. Accordingly, companies facing DDOS attacks have no choice but to assume expensive mitigation costs to keep their websites up and running." *See also* Testimony of Michael A. Vatis, Director, National Infrastructure Protection Center, FBI, before the Senate Armed Service Committee, March 1, 2000, 2000 WL 257747 ("While these [DDoS] attacks generally have not altered

operating systems or networks, they have disrupted services, caused monetary loss, and denied the public access to websites containing valuable information, thereby infringing on others' rights to disseminate and receive information."); Testimony of Louis J. Freeh, Director, FBI, before the Senate Committee on Appropriations, February 16, 2000, 2000 WL 194450 ("A denial-of-service attack that can knock e-commerce sites offline, as we've seen over the last week, can have significant consequences, not only for victim companies, but also for consumers and the economy as a whole. Because of these implications, it is critical that we have in place the programs and resources to confront this threat… Major cases, such as the recent DDoS attacks on Yahoo, draw a tremendous amount of personnel resources. Most of our technical analysts will have to be pulled from other work to examine the log files received from the victim companies. Tracking down hundreds of leads will absorb the energy of a dozen field offices. And this is all reactive."); Testimony of Eric H. Holder, Jr., Deputy Attorney General, DOJ, before the Senate Committee on Commerce, Science, and Transportation concerning federal response to Internet Denial of Service Attacks, March 8, 2000, 2000 WL 276395 ("In addition to the malicious disruption of legitimate commerce, so-called 'denial of service' attacks involve the unlawful intrusion into an unknown number of computers, which are in turn used to launch attacks on the eventual target computer, in this case the computers of Yahoo, eBay, and others. Thus, the number of victims in these types of cases can be substantial, and the collective loss and cost to respond to these attacks can run into the tens of millions of dollars – or more."); Testimony of Susan Koeppen, Microsoft Corporation, House of Representatives Judiciary Committee, February 12, 2002, 2002 WL 218945 (referring to DDoS attacks as "weapons of mass disruption").

## II. Pre-Sentence Report and Guidelines Factors

Although the Sentencing Guidelines are advisory, *United States v. Booker* requires sentencing courts to "consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005). A "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (citation omitted).

## III. Legal Standard for Sentencing

In imposing a sentence, Congress has mandated that courts consider the nature and circumstances of the offense and the characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Courts must consider the need for a sentence "to reflect the seriousness of the offense, to promote respect for the law … to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(A) and (B). In addition, a sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment, including educational and vocational training, and medical care. *Id.* § 3553(a)(2)(C) and (D). A sentence must be sufficient but not greater than necessary to comply with these purposes. *Id.* § 3553(a).

## IV. Restitution

A sentencing court is required to order restitution in the full amount of the victim's loss. 18 U.S.C. § 3663A(a)(1); 3664(f)(1)(A) ("the court shall order restitution to each victim in the full amount of each victim's losses"); *see also United States v. Roper*, 462 F.3d 336, 339 (4th Cir.

2006) ("the MVRA did not grant district courts discretion to award partial restitution"); *United States v.Alalade*, 204 F.3d 536, 540-41 (4th Cir. 2000) (same).

Restitution does not have to be calculated with mathematical precision. *United States v. Masek*, 588 F.3d 1283, 1287 (10th Cir. 2009), *citing United States v. Gallant*, 537 F.3d 1202, 1247 (10th Cir. 2008) ("[I]n the case of fraud or theft, the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the information available."). "[D]istrict courts [are given] a degree of flexibility in accounting for a victim's complete losses." *See United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir. 2004); *United States v. Jackson*, 155 F.3d 942, 949 n. 3 (8th Cir. 1998) ("in the case of fraud or theft loss, the loss 'need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information'."), *quoting United States v. Chappell*, 6 F.3d 1095, 1101 (5th Cir. 1993). Probation calculates restitution at $8,917,010.82. The defendants have agreed in their plea agreements that this was the loss amount reported. The government requests that the Court order briefing and hold a separate restitution hearing.

## V. Conclusion

For the reasons stated above, the United States respectfully defers to the court as to the defendant's sentence but asks the court to take into consideration that this conspiracy involved serious consequences for the dozens of victims of the computer attacks as well as significant financial losses.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:        /s/
Alexander T.H. Nguyen
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: alexander.nguyen@usdoj.gov

Richard D. Green
Senior Trial Attorney
U.S. Department of Justice
Computer Crime & Intellectual Property Section

Date: November 25, 2014

# Certificate of Service

I hereby certify that on November 25, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of filing (NEF) to:

William O. Douglas Loeffler
60 East D St.
Brunswick, MD 21716
williamodouglas@aol.com
*Counsel for Defendant*

I also certify that on November 25, 2014, I will send a true and correct copy of the foregoing by e-mail to the following:

Carla G. Coopwood
Senior U.S. Probation Officer
Manassas, VA
703-366-2113
carla_coopwood@vaep.uscourts.gov

By:         /s/
Alexander T.H. Nguyen
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: alexander.nguyen@usdoj.gov