# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

FILED
DEC - 5 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA
v.

Case Number: 1:13CR00383-007

ANTHONY TADROS

USM Number: 22055-014
Defendant's Attorney: William Loeffler, Esquire

Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1s of the Criminal Information.

Accordingly, the defendant is adjudicated guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Intentionally Cause Damage to a Protected Computer | Misdemeanor | 01-02-2011 | 1s |

On motion of the United States, the Court has dismissed the indictment as to defendant ANTHONY TADROS.

As pronounced on December 5th, 2014, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 5th day of December, 2014.

_____
Liam O'Grady
United States District Judge

**Defendant's Name:** TADROS, ANTHONY
**Case Number:** 1:13CR00383-007

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TIME SERVED.

The defendant shall surrender as notified by the United States Probation Office.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| Defendant's Name: | TADROS, ANTHONY |
| Case Number: | 1:13CR00383-007 |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) YEAR.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant's Name: | TADROS, ANTHONY |
| Case Number: | 1:13CR00383-007 |

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall serve **THIRTY (30) DAYS** of intermittent confinement, to be served near his home in Groton, Connecticut, as directed by the probation officer.
2) The defendant shall be on Home Detention, which shall include electronic monitoring at the defendant's expense, for a period of **FIVE (5) MONTHS**. During this time, he shall remain at his place of residence except for employment and other activities, approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without party lines, telephone answering machines, a modem, call forwarding, caller ID, call waiting, portable cordless telephones or any other devices or services that may interfere with the proper functioning of the electronic monitoring equipment for the above period. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures, and pay the cost of electronic monitoring, all as directed by the probation officer.
3) The defendant shall complete **FIFTY (50) HOURS** of community service as directed by the probation officer.
4) The defendant shall have no travel restrictions.
5) The defendant shall have no computer restrictions.
6) The United States Probation Office may administer drug tests if deemed appropriate.
7) The defendant shall participate in a mental health treatment program, as directed by the Probation Officer, and shall be required to waive any right of confidentiality as to any mental health treatment received in order to allow release of information to the Probation Officer, so the Probation Officer, and if necessary, the court, can determine whether the defendant should continue mental health treatment or medication.

| | | | |
|---|---|---|---|
| Defendant's Name: | TADROS, ANTHONY | | |
| Case Number: | 1:13CR00383-007 | | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1s | $25.00 | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | **$25.00** | **$0.00** | **$0.00** |

## FINES

No fines have been imposed in this case.
The Court waives the cost of prosecution, imprisonment and supervised release.

**Restitution is deferred until all sentencings are complete in this case.**

Defendant's Name: **TADROS, ANTHONY**
Case Number: **1:13CR00383-007**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE Consent Order of Forfeiture entered by the Court on August 19, 2014.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:13-cr-383-7 |
| ANTHONY TADROS, | Hon. Liam O'Grady |
| Defendant. | |

### CONSENT ORDER OF FORFEITURE

WHEREAS, defendant Anthony Tadros has pleaded guilty to a criminal information, charging him with conspiracy to intentionally cause damage to a protected computer, in violation of 18 U.S.C. § 371, and pursuant to the defendant's written plea agreement, the defendant has agreed to forfeit all of his interests in the property that is the subject of this order of forfeiture and to the entry of an order of forfeiture concerning such property;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to discussion of forfeiture at the plea colloquy, notice of forfeiture in the charging instrument, and announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:

1. The following property is forfeited to the United States as property that was used or intended to be used to commit or to facilitate the commission of such violation, pursuant to 18 U.S.C. § 2428, or as a substitute therefor:

   a. Acer Aspire Laptop Computer Image, S/N 0405D8695225;
   b. TMobile HTC Cellular Telephone with MicroSD Card, S/N HT04XPRO44243;
   c. Red and Black Gigaware 4GB USB Thumb Drive;
   d. Acer Aspire Laptop, S/N: 040508695225;

  e. Sony VAIO Laptop, S/N: J002806E.

2. The defendant has an interest in the asset listed above.

3. The Attorney General or a designee is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

4. This Consent Order of Forfeiture is final as to the defendant but preliminary as to third parties who may have an interest in specific property, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

5. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

6. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c)(1).

7. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Consent Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2).

8. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Consent Order as necessary to account for said third party rights, shall be entered pursuant to 21 U.S.C. § 853(n)(6) and Federal Rule of Criminal Procedure 32.2(c)(2).

Date: 8-18, 2014
Alexandria, Virginia

/s/
The Honorable Liam O'Grady
United States District Judge

WE ASK FOR THIS:

United States of America

Dana J. Boente
United States Attorney

By: _____
Alexander T.H. Nguyen
Jay V. Prabhu
Assistant United States Attorneys

Richard D. Green
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section

_____
Anthony Tadros, Defendant

_____
William Loeffler, Esq.